THOMAS EDWIN TOWNSEND v. NORFOLK AND SOUTHERN RAILWAY COMPANY, SUCCESSOR CORPORATION TO CAROLINA AND NORTHWESTERN RAILWAY, AND JOHN REID

No. 13

(Filed 29 December 1978)

**Appeal and Error § 46— equally divided Court—judgment affirmed—no precedent**

> Where one member of the Supreme Court did not participate in the consideration or decision of a case and the remaining six justices are equally divided, the opinion of the Court of Appeals in the case is affirmed without precedential value.

Justice BRITT took no part in the consideration or decision of this case.

APPEAL by defendants from the decision of the Court of Appeals, 35 N.C. App. 482, 241 S.E. 2d 859 (1978) (*Hedrick, J.*, con-

curred in by *Webb, J.*, with *Britt, J.* dissenting). That court affirmed *Snepp, J.*, who denied defendants' motion for directed verdict at the 28 January 1977 Session of CALDWELL Superior Court.

This is a civil action in which the plaintiff is seeking to recover damages for personal injuries sustained by him when his tractor-trailer collided with a train owned and operated by defendants. At the conclusion of plaintiff's evidence, the defendants moved for a directed verdict under Rule 50 of the Rules of Civil Procedure. They claimed that plaintiff failed to show any negligence on the part of defendants and that the evidence showed his own contributory negligence as a matter of law. The motion was denied. The same motion was renewed at the close of all the evidence, and again it was denied.

The jury found that defendants' negligence proximately caused plaintiff's injuries and that the plaintiff was not contributorily negligent. The plaintiff was awarded $151,835.00. Thereafter, the defendants' motions for judgment notwithstanding the verdict and for a new trial, under Rule 50(b)(1) and Rule 59(a)(7) respectively, were denied. The judge also denied defendants' motion under Rule 59(a)(6) to set aside the verdict as being excessive. This last motion has been abandoned by the defendants as a ground for appeal to this Court.

The plaintiff's evidence tended to show the following:

The accident in question occurred in Lenoir, North Carolina at the point where Waycross Drive, running east and west, is intersected by defendants' railroad tracks, which run north and south. There is a junction lying some three hundred to four hundred feet south of the crossing where a side track (hereinafter referred to as the first track) diverges from the main track (hereinafter referred to as the second track). This first track curves slightly to the east and then runs roughly parallel with the second tract across Waycross Drive. There are forty-seven feet between these two tracks at the crossing. A few feet west of the second track lie two other side tracks, which are not involved in this case. There are no automatic signals at the crossing to warn motorists of approaching trains. There is, however, a sign east of the crossing and a crossbuck sign between the first track and the second track.

The plaintiff had been employed as a truck driver by Broyhill Industries for six years. He was so employed on the date of the accident. The terminal from which he worked was located on Waycross Drive just across the railroad tracks; thus, the plaintiff was familiar with the intersection.

Around 12:30 p.m. on 7 September 1972, a clear day, the plaintiff was returning from a long-distance haul in an empty tractor-trailer rig, fifty-five to fifty-six feet long, owned by his employer. Traveling west on Waycross Drive, he came to the first track. The plaintiff stopped his truck at a point about fifteen feet from the first track, where he had previously had to stop for trains "many times," and looked both ways. As he did not see or hear a train approaching, he proceeded across the first track traveling between five and ten miles per hour because the crossing was extremely rough.

As the plaintiff was crossing the first track, he continued to look north and south; however, his vision to the left (south) was obstructed by bushes and trees on defendants' right of way.

"I did not see any train approaching as I went from the first track to the second track. I could not see any train approaching from a southerly direction as I was between those two tracks because my vision was blocked. It was blocked by those trees in there."

Plaintiff testified that the trees and bushes were from fifteen to twenty feet wide, ranged from low bushes up to twelve or fourteen feet high, and spanned an area of at least thirty feet up and down the track to the left.

Realizing that his vision was obstructed, the plaintiff tried to get a better view down the second track by standing up in his cab and looking through the front windshield to the left and right. Again he saw no train and continued across the second track where he was struck by defendants' train from the south (left). The plaintiff suffered severe and permanent injuries as a result of the accident.

Two other persons in the area at the time of the accident testified that they did not hear any horns or bells as defendants' train approached the Waycross Drive intersection.

The defendants' evidence tended to show the following:

The defendants' train was traveling twenty to twenty-six miles per hour as it approached the Waycross Drive intersection on the second track. The engineer first saw the plaintiff as he was fifteen or twenty feet from the first track. At that time, the train was about one hundred and fifty feet from the crossing, and the engineer started blowing his whistle and horn. He noticed that the plaintiff was traveling so slow "he could have stopped in an instant." It became apparent, however, that plaintiff was not going to stop at the second track, and the engineer applied the emergency brake a few feet from the crossing. A few seconds later the train hit plaintiff's tractor-trailer at a point right behind the rig's cab and carried it some four hundred feet down the track. The engineer stated that he could see the plaintiff over the bushes between the first and second tracks.

There was testimony by four other persons that the train sounded its horn and whistle before it came to the Waycross Drive intersection.

*Wilson and Palmer by Hugh M. Wilson for the plaintiff.*

*Patrick, Harper & Dixon by Bailey Patrick and F. Gwyn Harper, Jr.; Joyner & Howison by William T. Joyner and Henry S. Manning, Jr. for the defendants.*

PER CURIAM.

Justice David M. Britt, being a member of the panel of the Court of Appeals which decided the case, did not sit in the appeal to this Court. The remaining six justices are equally divided as to whether the trial court erred in denying defendants' motions for a dircted verdict, for judgment notwithstanding the verdict and for a new trial. Thus, the opinion of the Court of Appeals is affirmed without precedential value in accordance with the usual practice in this situation. *See, eg., State v. Johnson,* 286 N.C. 331, 210 S.E. 2d 260 (1974) and cases cited therein.

Affirmed.

Justice BRITT did not participate in the consideration or decision of this case.