STATE OF NORTH CAROLINA v. ZEB VANCE GREENE, JR.

No. 6

(Filed 3 October 1979)

**Criminal Law § 177— evenly divided Court—judgment affirmed—no precedent**

Where one member of the Supreme Court did not participate in the consideration or decision of a case and the remaining six justices are equally divided, the judgment of the trial court is affirmed without becoming a precedent.

Justice BROCK did not participate in the consideration or decision of this case.

APPEAL by defendant from judgment of *Howell, J.*, 2 October 1978 Criminal Session, Superior Court of AVERY County.

Defendant was tried upon a bill of indictment, proper in form, charging him with first degree murder of Dallas Hicks on 18 February 1976 in Avery County.

The State offered evidence tending to show that on the evening of 18 February 1976 Dallas Hicks and wife, Pauline Hicks were in their home in the Linville Falls community watching television. About 9:20 p.m. two men wearing masks opened the door and walked in unannounced. One of them said: "This is a Goddamn hold-up." Dallas Hicks said: "Boys, sit down on the couch, I know you're here for fun." At that point one of the intruders shot Mr. Hicks with a twenty-two caliber rifle. Dallas Hicks then picked up a hammer lying beside his chair and made about three steps from where he was sitting and the same intruder shot him again. Both men then fled into the night.

Dallas Hicks collapsed after the second shot and his wife sought help at a nearby neighbor's house. Officers and an ambulance were summoned. Mr. Hicks talked freely during the trip to the hospital, relating what had occurred, but was dead on arrival.

Defendant was identified by his accomplice Mickey Cox who testified that he and defendant committed the robbery; that defendant shot Dallas Hicks and he, Cox, hid the gun in the dirt at Pineola. Later Cox said he recovered the weapon and turned it over to the sheriff. Cox testified that he covered his face with a

white T-shirt and defendant wrapped a towel around his head. Cox said it was their intention to rob Mr. Hicks at gunpoint but the robbery failed when the shooting occurred.

Frank G. Satterfield, a ballistics expert who worked for many years with the State Bureau of Investigation, testified that the shell casings found in the Hicks residence had been fired in the gun identified by Mickey Cox. However, he was unable to say whether the bullets removed from the body of Dallas Hicks were fired from that gun.

Defendant did not testify but offered the testimony of Dawn Greene, a girl friend who is now his wife, Alice Greene, his mother, Zeb V. Greene, Sr., his father, Geneva Greene, his sister, and Jesse Greene, his brother. Their testimony generally tended to establish alibi.

Defendant was convicted of murder in the first degree and sentenced to life imprisonment. He was also found guilty of attempted armed robbery of Dallas Hicks but judgment in that case was arrested since the attempted robbery constituted the underlying felony which made the killing a capital offense.

*Rufus L. Edmisten, Attorney General, by James E. Magner, Jr., and Archie W. Anders, Assistant Attorneys General, for the State.*

*Joseph W. Seegers, attorney for defendant appellant.*

PER CURIAM.

Justice Brock was absent on account of illness and did not participate in the consideration and decision of this case. The remaining six justices are equally divided as to whether the trial court prejudicially erred in refusing to excuse juror Raymond Simmons for cause, thus forcing defendant to use a peremptory challenge to remove him. In accordance with the usual practice and long established rule, this equal division requires that the judgment of the trial court be affirmed without becoming a precedent. *Mortgage Co. v. Real Estate, Inc.*, 297 N.C. 696, 256 S.E. 2d 688 (1979); *Townsend v. Railway Co.*, 296 N.C. 246, 249 S.E. 2d 801 (1978); *Sharpe v. Pugh*, 286 N.C. 209, 209 S.E. 2d 456 (1974); *State v. Johnson*, 286 N.C. 331, 210 S.E. 2d 260 (1974); *Parrish v.*

*Publishing Company*, 271 N.C. 711, 157 S.E. 2d 334 (1967); *Burke v. R.R.*, 257 N.C. 683, 127 S.E. 2d 281 (1962); *State v. Smith*, 243 N.C. 172, 90 S.E. 2d 328 (1955); *James v. Rogers*, 231 N.C. 668, 58 S.E. 2d 640 (1950); *Parsons v. Board of Education*, 200 N.C. 88, 156 S.E. 244 (1930); *Hillsboro v. Bank*, 191 N.C. 828, 132 S.E. 657 (1926); *McCarter v. Railway Co.*, 187 N.C. 863, 123 S.E. 88 (1924). It is so ordered, no error appearing with respect to the remaining assignments.

Affirmed.

Justice BROCK did not participate in the consideration and decision of this case.