THE STATE OF NORTH CAROLINA v. CHARLOTTE LIBERTY MUTUAL IN-SURANCE COMPANY

---

THE STATE OF NORTH CAROLINA v. GEORGE HENRY TALBOT

---

THE STATE OF NORTH CAROLINA v. MID-SOUTH INSURANCE COMPANY

---

THE STATE OF NORTH CAROLINA v. WALTER BURNS CLARK

No. 10

(Filed 3 October 1979)

**Criminal Law § 177— evenly divided Court—decision affirmed—no precedent**

Where one member of the Supreme Court did not participate in the consideration or decision of a case and the remaining six justices are equally divided, the decision of the Court of Appeals is affirmed without becoming a precedent.

Justice BROCK did not participate in the consideration or decision of this case.

APPEAL by the state from a divided panel of the Court of Appeals. The opinion of that court by *Judge Erwin* in which *Chief*

*Judge Morris* concurred and *Judge Harry Martin* dissented is reported at 39 N.C. App. 557, 251 S.E. 2d 867 (1979). The Court of Appeals affirmed the judgment of *Judge Preston* entered in WAKE Superior Court on 11 July 1978 which affirmed earlier orders entered by *Judge Winborne* of WAKE District Court on 27 April 1978 quashing all criminal summonses issued in these consolidated cases.

These cases began as prosecutions under Articles 22 and 22A in Subchapter VIII of Chapter 163 entitled, respectively, "Corrupt Practices and Other Offenses Against the Elective Franchise" and "Regulating Contributions and Expenditures in Political Campaigns." More specifically the prosecutions were brought under G.S. 163-270 and G.S. 163-278.19(a). The individual defendants, George Talbot and Walter Clark, are presidents, respectively, of the corporate defendants, Charlotte Liberty Mutual Insurance Company and Mid-South Insurance Company. Prosecutions against the individual and corporate defendants began in Wake District Court with the issuance pursuant to G.S. 15A-303 of the criminal summonses in question. The summons issued against Charlotte Liberty Mutual Insurance Company alleged:

"THE UNDERSIGNED FINDS THAT THERE IS PROBABLE CAUSE TO BELIEVE that on or about the eighth day of January, 1977, in the county named above, the Charlotte Liberty Mutual Insurance Company was an insurance company doing business in North Carolina and did pay five hundred dollars in United States currency for and in behalf of and in aid of the successful candidate for the political office of Commissioner of Insurance of the State of North Carolina John Randolph Ingram and for the political purpose of honoring the said Commissioner and demonstrating widespread grass roots support for his programs by support of a large attendance at an appreciation breakfast preceding his inaugural ceremonies in violation of GS 163-270 and GS 163-278.19(a); that the said money was paid by means of a corporate check dated January 8, 1977, payable to John Ingram Breakfast in the amount of $500.00 drawn against account number 1030162 of North Carolina National Bank, Charlotte, N.C., signed George H. Talbot and Lorraine Woods, a copy of which is attached and incorporated herein by reference."

The summons against Talbot alleged:

"THE UNDERSIGNED FINDS THAT THERE IS PROBABLE CAUSE TO BELIEVE that on or about the eighth day of January, 1977, in the county named above, you were President and Treasurer and a Director of Charlotte Liberty Mutual Insurance Company and did participate in, aid, abet, advise and consent to violation of GS 163-270 and GS 163-278.19(a) by said corporation and association in the payment of five hundred dollars in United States currency for and in behalf of and in aid of the successful candidate for the political office of Commissioner of Insurance of the State of North Carolina John Randolph Ingram and for the political purpose of honoring the said Commissioner and demonstrating widespread grass roots support for his programs by support of a large attendance at an appreciation breakfast preceding his inaugural ceremonies in violation of GS 163-270 and GS 163-278.19(a); that the said money was paid by means of a corporate check dated January 8, 1977, payable to John Ingram Breakfast in the amount of $500.00 drawn against account number 1030162 of North Carolina National Bank, Charlotte, N. C., signed by George H. Talbot and Lorraine Woods, a copy of which is attached and incorporated herein by reference."

Summonses issued against defendants Mid-South Insurance Company and Walter Clark were substantively identical to those issued against Charlotte Liberty Mutual Insurance Company and George Talbot, respectively.

General Statute 163-270 provides in pertinent part:

"No insurance company . . . shall . . . pay . . . money . . . for or in aid of any political party, committee or organization . . . or in aid of any candidate for political office . . . or for any political purpose whatsoever. . . . An officer . . . for any corporation or association which violates any of the provisions of this section, who participates in, aids, abets, advises or consents to any such violation . . . shall be guilty of a misdemeanor, and shall be punished by imprisonment for not more than one year and a fine of not more than one thousand dollars ($1,000)."

General Statute 163-278.19(a) provides in pertinent part:

"[I]t shall be unlawful for any . . . insurance company . . .

   (1) To make any contribution . . . in aid or in behalf of
       or in opposition to any candidate or political commit-
       tee in any election or for any political purpose what-
       soever;

   (2) To pay . . . money . . . for or in aid of or in opposi-
       tion to any candidate or political committee or for or
       in aid of any person, organization or association
       organized or maintained for political purposes, or for
       or in aid of or in opposition to any candidate or
       political committee or for any political purpose what-
       soever; and

   (3) To reimburse or indemnify any person or individual
       for money or property so used or for any contribution
       or expenditure so made;

and it shall be unlawful for any officer . . . of any corpora-
tion . . . to aid, abet, advise or consent to any such contribu-
tion or expenditure."

Violations of G.S. 163-278.19 are punishable by a fine of not less
than One Hundred Dollars ($100) nor more than Five Thousand
Dollars ($5000) or imprisonment for not more than one year or by
both fine and imprisonment.

The Court of Appeals concluded that the summons in each
case was insufficient to charge an offense prohibited by the
statutes in question.

While not necessary to a determination of the legal questions
presented, the Court of Appeals pointed out that the facts
underlying the prosecutions in these cases are not really in
dispute. After Commissioner of Insurance Ingram was reelected
in the Fall, 1976, both individual defendants received an invitation
to join the Commissioner and Mrs. Ingram at a buffet breakfast
on 8 January 1977 at a specified location in Raleigh. Both attend-
ed the breakfast. While at the breakfast defendant Talbot was
asked to make a contribution to help defer its cost. He asked if he
could use a company check and was told that he could

because the breakfast was not a political function. He then issued a $500 check to "John Ingram Breakfast" on the account of Charlotte Liberty Mutual Insurance Company. No attempt has ever been made to hide the check or the fact of its existence. Similarly defendant Clark was contacted by telephone three times before the breakfast and asked if he could make a contribution to defray its expenses. Five Hundred Dollars was the amount suggested. After being assured that it was not a political function, defendant Clark sent his company's check for $500 to "John Ingram Appreciation Breakfast" from Fayetteville to Mr. Howard Bloom in Roanoke Rapids.

*Rufus L. Edmisten, Attorney General, by Christopher P. Brewer, Associate Attorney, for the State.*

*Cansler, Lockhart, Parker & Young, P.A., by Joe C. Young, Bruce M. Simpson, Attorneys for defendants Charlotte Liberty Mutual Insurance Company and George Henry Talbot.*

*McCoy, Weaver, Wiggins, Cleveland & Raper, by Richard M. Wiggins, Attorneys for defendant appellees Mid-South Insurance Company and Walter Burns Clark.*

PER CURIAM.

Justice Brock, being absent on account of illness, did not participate in the consideration and decision of this case. The remaining six justices are equally divided as to whether the Court of Appeals erred in concluding that each summons issued failed to charge a criminal offense specified by G.S. 163-270 or G.S. 163-278.19(a) and in affirming the orders of the trial divisions quashing each summons. Therefore, in accordance with our practice, the decision of the Court of Appeals is left undisturbed; but it should not be considered to have precedential value. *Mortgage Co. v. Real Estate, Inc.*, 297 N.C. 696, 256 S.E. 2d 688 (1979); *Townsend v. Railway Co.*, 296 N.C. 246, 249 S.E. 2d 801 (1978); *State v. Johnson*, 286 N.C. 331, 210 S.E. 2d 260 (1974); *see also State v. Greene*, 298 N.C. 268, 258 S.E. 2d 71 (1979), and cases therein cited; *Starr v. Clapp*, 298 N.C. 275, 258 S.E. 2d 348 (1979).

Affirmed.

Justice BROCK did not participate in the consideration and decision of this case.