ROBERT D. STARR AND ROBERT D. STARR, GUARDIAN AD LITEM FOR BRETT R. STARR v. JOHN G. CLAPP, JR. AND GLADYS C. CLAPP

No. 24

(Filed 3 October 1979)

**Appeal and Error § 64— evenly divided Court—decision affirmed—no precedent**

Where one member of the Supreme Court did not participate in the consideration or decision of a case and the remaining six justices are equally divided, the decision of the Court of Appeals is affirmed without becoming a precedent.

Justice BROCK took no part in the consideration or decision of this case.

ON appeal by defendants from the decision of the Court of Appeals, 40 N.C. App. 142, 252 S.E. 2d 220 (1979) (*Vaughn, J.*, concurred in by *Arnold, J.*, with *Hedrick, J.*, dissenting), which reversed the order of *Graham, S.J.* entered in the 22 November 1977 Session of GUILFORD County Superior Court denying defendants' motions for directed verdict and judgment notwithstanding the verdict.

Plaintiff, a minor twelve years of age at the time of the accident, was severely and permanently injured on 16 November 1975 when the motorcycle he was riding struck a cable erected by defendants across a private road located on a farm owned by the defendants.

At trial plaintiff's evidence tended to show the following:

Plaintiff's grandfather had obtained permission from a Mr. Pegram for plaintiff to ride his motorcycle on the private road located on the farm owned by Pegram. In January, 1975, Pegram sold the farm to the defendants, but he continued to live on the farm until September, 1975. Plaintiff rode his motorcycle on the road approximately twenty to twenty-five times between January and September, 1975. During this time defendants had problems with trespassers on the road. In the summer of 1975 while Pegram still lived on the farm, defendants put up "no trespass"

and "posted land" signs to prevent trespassers from going on the property. About a month or two before the accident, plaintiff saw one of the "no trespass" signs on a telephone pole on the right side of the road, but plaintiff believed that Pegram still owned the farm and was never informed that the "no trespass" signs applied to him. Plaintiff rode his motorcycle on the road approximately ten times in September and early October after seeing the "no trespass" sign. Plaintiff had not ridden on the road for about one month immediately preceding the day of the accident.

After Pegram vacated the farmhouse in September, 1975, defendants prepared to rent out the house. At no time did defendants live on the farm. There were increasing problems with trespassers using and littering the roadway. As a result, defendants decided to erect a cable across the road to control the traffic to the house. Plaintiff and others had ridden motorcycles on the road numerous times, and plaintiff and his grandfather rode horses on the road during the first half of 1975. However, defendants testified that they were aware only of automobile traffic on the road and had no knowledge that the road was also travelled by horses and motorcycles.

Defendants erected the cable approximately one month to six weeks prior to the accident. The cable was silver colored and three-eighths of an inch in diameter. It was attached between a tree and a telephone pole at a height of approximately three and one-half feet. The cable was stretched across the road within defendants' property some eighty-six feet from the line and one-eighth to one-quarter of a mile from the farmhouse. There were no signs, markers, streamers or flags of any kind attached to the cable at any point.

Malcolm Moore, an ambulance driver, testified for the plaintiff that he did not see the cable when he responded to the accident call and arrived on the scene. Plaintiff's grandfather testified that on the day after the accident the cable was barely visible to him from a distance of eighty feet. He testified that the cable blended in with the sun and the background and that if you did not know it was there, you would not see it. Plaintiff testified that he did not know what caused him to wreck his motorcycle, and he does not remember riding his motorcycle on the day he was injured.

Starr v. Clapp

Defendants' motions for a directed verdict and judgment notwithstanding the verdict were denied by the trial judge. The jury returned a verdict for the plaintiff in the amount of $12,500.00. Defendant appealed to the Court of Appeals, and the majority held that plaintiff was a trespasser and that defendants had not willfully or wantonly injured him.

*Booth, Fish, Simpson, Harrison & Hall by E. Jackson Harrington, Jr., for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice by Daniel W. Donahue for the defendant-appellees.*

PER CURIAM.

Due to his absence on account of illness, Justice Brock did not participate in this case. The remaining six justices are equally divided as to whether the plaintiff's evidence, when considered in the light most favorable to him, makes out a case against the defendants of willful or wanton negligence. Thus, the opinion of the Court of Appeals is affirmed without precedential value in accordance with the usual practice in this situation. *See, e.g., State v. Johnson,* 286 N.C. 331, 210 S.E. 2d 260 (1974) and cases cited therein.

Affirmed.

Justice BROCK took no part in the consideration or decision of this case.