NORTH CAROLINA NATIONAL BANK v. R. D. MORGAN, JR., AND WIFE, ELIZABETH M. MORGAN

No. 34.

(Filed 5 March 1980)

**Appeal and Error § 64— evenly divided court—decision affirmed—no precedent**

Where one member of the Supreme Court did not participate in the consideration or decision of a case and the remaining six justices are equally divided, the decision of the Court of Appeals is affirmed without becoming a precedent.

Justice COPELAND took no part in the consideration or decision of this case.

ON defendants' petition for further review of a decision of the Court of Appeals, opinion by *Judge Arnold* with *Judges Hedrick* and *Vaughn* concurring, reported at 43 N.C. App. 63, 257 S.E. 2d 674 (1979). That court affirmed a judgment for plaintiff entered by *Judge Braswell* on 30 May 1978 in CUMBERLAND Superior Court.

This is an action for the recovery of $23,039.42 against the guarantors of a promissory note in favor of plaintiff. The answer admitted the execution of the note and defendants' guarantee of its payment. Defendants alleged in defense that the proceeds of the note were used to purchase certain heavy logging equipment, to wit, a 1974 Franklin Skidder and a 1974 Hy-Hoe Loader. The promissor on the note, Manchester Woodyard, Inc. (Manchester) obtained this equipment at a foreclosure sale instituted by plaintiff. Prior to foreclosure the equipment was titled in the name of one Edward Reddick. Fire insurance to cover the equipment while it was titled in the name of Reddick was obtained by defendant R. D. Morgan. Before Manchester, in which defendants were apparently principals, purchased the equipment at foreclosure, defendant R. D. Morgan discussed the question of fire insurance with one Ernest Cook, an agent of the plaintiff with whom defendants had for some years dealt. Cook told defendant Morgan that no changes in the fire insurance then covering the equipment would be needed to protect Manchester if Manchester bought the equipment at foreclosure. Cook as a representative of the plaintiff occupied a fiduciary relationship with Morgan as a result of numerous earlier financial dealings between them.

Defendants further alleged that after the foreclosure at which Manchester took title and possession of the equipment, the equipment burned. The insurer in the policy in effect prior to the foreclosure denied coverage of the loss which thereafter occurred. Plaintiff, through its agent Cook, negligently represented to defendants what effect the change in ownership of the equipment as a result of the foreclosure sale would have on the fire insurance coverage. Therefore plaintiff should be estopped from recovering against defendants as guarantors on the note.

At trial plaintiff relied on the documentary evidence and defendants' admissions in their pleading. Defendants relied on the testimony of R. D. Morgan, Jr., and Ernest Cook. Morgan testified that he had had numerous financial transactions with Cook who was an officer of the plaintiff. He described a conversation with Cook during the spring of 1975 to the effect that Reddick was not making payments on the equipment and was abusing it. He and Cook determined that the bank would foreclose and that Manchester would purchase at foreclosure. Cook explained the foreclosure procedures and what Manchester should do to become a purchaser at foreclosure. With regard to insurance coverage Morgan testified only that he told Mr. Cook, "I wanted coverage from all aspects" and that only the bank had a copy of the insurance policy covering the equipment. Cook testified as follows:

"Q. Did you have a — prior to the foreclosure on May 30, 1975, did you have a conversation with Mr. Morgan as to changing title of the equipment if he became a high bidder?

A. Yes.

Q. Did you have an occasion to have a conversation with him concerning the insurance?

A. I assume I did. That would have been one of the things that we would have taken up at that time.

Q. Did you advise him that the insurance policy that you presently had in your possession was good and would not need to be changed?

A. No, I did not. I gave him my opinion that it was good.

Q. Now, will you please describe what you meant by 'good'?

A. That he would be covered, that Manchester Woodyard would be covered under the policy.

Q. Now, when you say 'would be covered' you mean would be covered after the foreclosure?

A. Right."

Cook, however, said that Morgan "did not advise me that he did not have a copy of the insurance policy."

Judge Braswell, sitting without a jury, found, in part,

"no fiduciary relationship existed between plaintiff and defendants . . . no evidence was presented of any duty owed by plaintiff to defendants that was breached, nor any evidence or representations from plaintiff to defendants concerning the subject matter of this action or relating thereto."

Judge Braswell entered judgment for plaintiff. The Court of Appeals, concluding that the conversations between Morgan and Cook provided no defense to plaintiff's action against the guarantors of the note, affirmed.

*Smith, Moore, Smith, Schell & Hunter by Benjamin F. Davis, Jr., attorneys for plaintiff-appellee.*

*Russ, Worth & Cheatwood by Walker Y. Worth, Jr., attorneys for defendants.*

PER CURIAM.

Justice Copeland, having recused himself, did not participate in the consideration and decision of this case. The remaining six justices are equally divided as to whether the Court of Appeals erred in affirming the judgment of the trial court. Therefore, in accordance with our practice, the decision of the Court of Appeals is left undisturbed; but it should not be considered to have precedential value. *See State v. Insurance Co.*, 298 N.C. 270, 258 S.E. 2d 343 (1979) and cases therein cited.

Affirmed.