THE WAYFARING HOME, INC. and HAROLD L. SPRINKLE, Individually
   and as President of the Wayfaring Home, Inc. v. CHARLES WARD and
   Wife, REBECCA WARD

No. 66

(Filed 2 December 1980)

**Appeal and Error § 64— evenly divided court — decision affirmed — no precedent**

Where one member of the Supreme Court did not participate in the consideration or decision of a case and the remaining six justices are equally divided, the decision of the Court of Appeals is affirmed without becoming a precedent.

Justice Brock did not participate in the consideration or decision of this case.

On discretionary review of the unpublished decision of the Court of Appeals, 45 N.C. App. 555, 263 S.E. 2d 376 (1980), which reversed the judgment of *Ferrell, J.*, entered at the February 1979 Civil Session of McDOWELL Superior Court.

In their complaint plaintiffs allege that on 23 May 1977 the corporate plaintiff entered into a written option contract with defendant to purchase certain real property; that the purchase price of $55,000 was to be paid by 1 September 1977; that on 15 August 1977 plaintiffs notified defendants of their intent to exercise the option and made a payment of $10,000; that the parties agreed to extend the time for payment of the remaining amount to 1 October 1977; that prior to 1 October 1977 plaintiffs were notified by defendants that they would not convey the property and would not refund the $10,000.00. Plaintiffs prayed for specific performance plus interest on the $10,000 or payment of the $10,000 plus interest.

In their answer defendants admitted executing the option contract and admitted that a check for $10,000 had been given to them by plaintiffs; they denied that plaintiffs had given notice of an intention to exercise the option. They further alleged that plaintiff Sprinkle had told them that he would not be able to raise the purchase price by the option deadline and that the $10,000 was consideration for extending the option as well as partial payment on the purchase price; and that they had remained willing and able to convey the property upon the tender of the remainder of the purchase price.

The parties presented evidence which substantially supported

Wayfaring Home, Inc. v. Ward

their respective pleadings. However, plaintiffs' and defendants' evidence tended to show that plaintiffs at no time tendered the balance of the purchase price and demanded conveyance of the property. Defendants' evidence further showed that when plaintiffs paid the $10,000, they were assured that the balance of the purchase price would be forthcoming; and that they (defendants) made a deposit of $3,800 or $4,000 on a home in Florida, which deposit they lost when plaintiffs failed to purchase the property in question.

The issues submitted to the jury by the trial court included the following:

(2) Did the parties enter into an agreement by the terms of which the defendants granted to the plaintiff an extension of the terms of the original written option?

(3) If so, did the parties intend that all or any portion of the $10,000 payment by plaintiff to defendants would constitute a partial payment toward the purchase price of the property and that failure to exercise such option would result in defendants refunding or returning to the plaintiff any or all of such sum?

The jury answered these two issues in the affirmative and awarded plaintiffs $8,000.00. The trial court entered judgment predicated on the verdict.

The Court of Appeals reversed the trial court's judgment, holding that defendants' motion for directed verdict should have been allowed. This court allowed plaintiffs' petition for discretionary review pursuant to G.S. 7A-31.

*Dameron & Burgin, by E. Penn Dameron, Jr., for plaintiff-appellants.*

*Carnes and Little, P. A., by Everette C. Carnes, for defendant-appellees.*

**PER CURIAM.**

Justice Brock, being absent because of an extended illness, did not participate in the consideration and decision of this case. The justices are equally divided as to whether the decision of the Court of Appeals should be affirmed or reversed. Chief Justice Branch and Justices Britt and Carlton vote to affirm; Justices Huskins, Copeland and Exum vote to reverse. Therefore, in accordance with our

practice, the decision of the Court of Appeals is left undisturbed without precedential value. *Starr v. Clapp*, 298 N.C. 275, 258 S.E. 2d 348 (1979); *Mortgage Company v. Real Estate, Inc.*, 297 N.C. 696, 256 S.E. 2d 688 (1979); *Townsend v. Railway Company*, 296 N.C. 246, 249 S.E. 2d 801 (1978); and *State v. Johnson*, 286 N.C. 331, 210 S.E. 2d 260 (1974).

Affirmed.

Justice BROCK did not participate in the consideration and decision of this case.