NANNIE RUTH GREENHILL, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF WILLIAM NORWOOD CRABTREE v. LANIE N. CRABTREE, EXECUTRIX OF THE ESTATE OF RAYMOND E. CRABTREE, LANIE N. CRABTREE AND RICHARD S. CRABTREE

No. 18

(Filed 2 December 1980)

**Appeal and Error § 64— equally divided court — opinion of Court of Appeals affirmed — no precedent**

Where one member of the Supreme Court did not participate in the consideration or decision of a case and the remaining six justices are equally divided, the opinion of the Court of Appeals is affirmed without precedential value.

Justice BROCK did not participate in the consideration or decision of this case.

WE allowed plaintiff's petition for discretionary review from the decision of the Court of Appeals, 45 N.C. App. 49, 262 S.E. 2d 315 (1980) (Martin (Harry C.), J., concurred in by Vaughn and Webb, JJ.). The Court of Appeals affirmed an order by *McKinnon, J.*, entered 15 March 1979, denying plaintiff's motion to set aside the notice of dismissal entered by Judge Snepp on 22 September 1977 in Superior Court, ORANGE County.

On 17 November 1975 plaintiff filed a complaint against defendants and members of her family, alleging that they had improperly influenced her father to grant them a deed to certain property before he died and that one defendant had improperly influenced her father in other regards. Plaintiff sought to have the deed declared void and to have certain money returned to her father's estate. Three days before this action was filed, plaintiff had taken a voluntary dismissal pursuant to G.S. 1A-1, Rule 41(a)(1) on

an identical cause of action, originally filed 24 October 1974. The present action was calendared for trial on 14 September 1977. In an order dated 12 September 1977, Judge McKinnon, having considered both defendants' motion for early trial and plaintiff's motion for continuance, denied the motion for continuance and ordered that the case be calendared for trial on 19 September 1977.

When the case was called on that date, plaintiff's counsel again moved for a continuance. The motion was denied by Judge Snepp. On 22 September 1977 plaintiff's counsel filed a notice of voluntary dismissal pursuant to Rule 41(a)(1), which provides in pertinent part as follows:

> "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is withou prejudice, except that a notice of dismissal operates as an *adjudication upon the merits* when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim." [Emphasis added.]

Since the voluntary dismissal filed 22 September 1977 was the second dismissal taken by plaintiff pursuant to Rule 41(a)(1) in an identical cause of action, the second dismissal was with prejudice. On 2 November 1978 plaintiff, employing different counsel, filed a motion pursuant to G.S. 1A-1, Rule 60(b)(4) and (6), to set aside the notice of dismissal filed 22 September 1977 by Attorney William Blue "for the reason that said dismissal was filed without any authority express, or implied, from the plaintiff or anyone representing the plaintiff." The motion was accompanied by affidavits of plaintiff and her husband. A hearing was held on the motion 20 February 1979. Plaintiff's former attorneys testified at this hearing. The court then made findings of fact, concluded that plaintiff's evidence did not justify relief under Rule 60(b)(4) or (6), and ordered that plaintiff's motion be denied.

Plaintiff contends that by filing notice of a second voluntary dismissal, her attorney surrendered a substantive right to a claim without her express authority, and thus entitled her to relief under the rule above stated. However, Judge McKinnon found as facts that:

> "16. At no time during the course of plaintiff's representation in the matter by attorneys J. William Blue and Barry T. Winston, was any limitation placed by the plaintiff on the aforesaid attorneys' authority to repre-

sent the plaintiff and the aforesaid attorneys or members of their law firm represented the plaintiff in all matters pertaining to this litigation from the inception ... until a record on appeal was prepared in the present action."

The Court of Appeals reasoned that since it is presumed that an attorney has the authority to act for the client he professes to represent, which presumption plaintiff failed to rebut in this case, plaintiff's Rule 60(b) motions were properly denied. We allowed plaintiff's petition for discretionary review pursuant to G.S. 7A-31 on 6 May 1980.

*McCain and Moore by Grover C. McCain, Jr., Archbell and Cotter by James B. Archbell for the plaintiff.*

*Frank B. Jackson for the defendant.*

PER CURIAM.

Justice Brock did not participate in the consideration or decision of this case. The remaining six justices are equally divided as to whether Judge McKinnon erred in denying plaintiff's motion to set aside the notice of dismissal filed 22 September 1977 by William Blue "for the reason that said dismissal was filed without any authority, express or implied, from the plaintiff, or anyone representing the plaintiff." In accordance with the usual practice and long established rule, this equal division requires that the opinion of the Court of Appeals be affirmed without precedential value. *State v. Greene,* 298 N.C. 268, 258 S.E. 2d 71 (1979); *Townsend v. Railway Co.,* 296 N.C. 246, 249 S.E. 2d 801 (1978); *State v. Johnson,* 286 N.C. 331, 210 S.E. 2d 260 (1974).

It is so ordered.

Affirmed.

Justice BROCK did not participate in the consideration or decision of this case.