THOMAS L. HICKMAN, A MINOR BY AND THROUGH HIS GUARDIAN AD LITEM, T. DANIEL WOMBLE, AND DARLENE HICKMAN PRUITT v. ANGELA LYNN McKOIN, TERRY LEE McKOIN AND JUDY PASS McKOIN

No. 170PA93

(Filed 29 July 1994)

**Negligence § 19 (NCI4th)— negligent infliction of emotional distress—injury to parent—parent-child relationship insufficient to show foreseeability**

When a child sues for negligent infliction of emotional distress because of injury to a parent caused by the negligence of a third party, the parent-child relationship, standing alone, is insufficient to establish reasonable foreseeability.

**Am Jur 2d, Negligence §§ 488 et seq.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 109 N.C. App. 478, 428 S.E.2d 251 (1993), reversing the judgment dismissing plaintiffs' claims against defendants entered by *Rousseau, J.,* at the 28 October 1991 Civil Session of Superior Court, Forsyth County. Heard in the Supreme Court on 31 January 1994.

**HICKMAN v. McKOIN**

[337 N.C. 460 (1994)]

*Robert A. Lauver, P.A., by Robert A. Lauver, for plaintiff-appellees.*

*Petree Stockton, L.L.P., by Richard J. Keshian, for defendant-appellants.*

EXUM, Chief Justice.

On 6 June 1991 plaintiffs sued for negligent infliction of emotional distress resulting from an injury to their mother which was caused by a motor vehicle accident involving defendant Angela McKoin. The trial court granted defendants' motion to dismiss, and the Court of Appeals reversed. We granted discretionary review on 7 October 1993.

Plaintiffs' complaint alleges that they are the children of Tommie R. Hickman, who was badly injured on 7 June 1988 in a head-on collision with defendants' car. Plaintiffs maintain the accident was caused by defendants' negligence. According to the complaint, plaintiffs, Thomas and Darlene, ages 12 and 15, respectively, at the time of the accident, were at the family home when they learned of the accident. Later that day they were told their mother was not likely to survive her injuries. Plaintiffs were permitted to see their mother briefly in the intensive care unit and suffered "great emotional anguish at the sight of their mother in such condition." Plaintiffs witnessed their mother in constant pain and suffering and observed her undergo a series of life-threatening operations and treatment over the course of several years from the time of the accident. As a result, plaintiffs allege they suffered "fear, shock, emotional and mental anguish and distress."

Defendants moved to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. *See* N.C.G.S. § 1A-1, Rule 12(b)(6) (1990). After a hearing, Judge Rousseau allowed defendants' motion and dismissed plaintiffs' action with prejudice.

The Court of Appeals held "that plaintiffs' emotional distress could have been foreseeable to defendants when it arose from seeing their injured mother in the hospital shortly after the accident and continues to be caused by her severe injuries and ongoing difficulties." *Hickman v. McKoin,* 109 N.C. App. 478, 482, 428 S.E.2d 251, 254 (1993). The Court of Appeals, therefore, decided plaintiffs stated a claim and reversed the trial court's dismissal of the complaint. We disagree.

Because this case was dismissed prior to trial pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) (1990), it is clear under North Carolina law that we must treat the allegations of the complaint as true. *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 334 N.C. 669, 435 S.E.2d 320 (1993) (citing *Johnson v. Ruark Obstetrics and Gynecology Assocs.*, P.A., 327 N.C. 283, 395 S.E.2d 85 (1990); *Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E.2d 494 (1974)).

It is similarly well established that to state a claim for negligent infliction of emotional distress, a plaintiff must allege that: "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress . . ., and (3) the conduct did in fact cause the plaintiff severe emotional distress." *Sorrells*, 334 N.C. at 672, 435 S.E.2d at 321-22 (quoting *Ruark*, 327 N.C. at 304, 395 S.E.2d at 97). Where, as in the instant case, plaintiffs are attempting to recover for their own severe emotional distress arising from concern for another person, they may recover only if they can prove they "suffered such severe emotional distress as a proximate and *foreseeable* result of the defendant's negligence." *Id.* at 672, 435 S.E.2d at 321 (citing *Ruark*, 327 N.C. 283, 395 S.E.2d 85) (emphasis in original). To determine whether such distress was foreseeable:

> [T]he "factors to be considered" include, *but are not limited to:* (1) "the plaintiff's proximity to the negligent act" causing injury to the other person, (2) "the relationship between the plaintiff and the other person," and (3) "whether the plaintiff personally observed the negligent act." However, such factors are not mechanistic requirements the absence of which will inevitably defeat a claim for negligent infliction of emotional distress . . . . [T]he question of reasonable foreseeability under North Carolina law "must be determined under all the facts presented, and should be resolved on a case-by-case basis by the trial court and, where appropriate, by a jury."

*Id.* at 672-73, 435 S.E.2d at 322 (quoting *Ruark*, 327 N.C. at 305, 395 S.E.2d at 98) (emphasis in original).

In the instant case plaintiffs' complaint sufficiently alleges defendants' negligence and that this negligence did in fact cause plaintiffs severe emotional distress. The remaining question is whether plaintiffs have sufficiently alleged that it was reasonably foreseeable to defendants that their negligent conduct would cause plaintiffs severe emotional distress. We believe they have not.

**HICKMAN v. McKOIN**

[337 N.C. 460 (1994)]

In *Gardner v. Gardner*, 334 N.C. 662, 435 S.E.2d 324 (1993), this Court affirmed summary judgment for a defendant sued for negligent infliction of emotional distress. The forecast of evidence showed that the plaintiff mother "suffered severe emotional distress upon seeing her son in the emergency room undergoing resuscitative efforts a period of time after [an automobile] accident, and upon learning subsequently of his death." Plaintiff was several miles away at the time of the accident and learned of it by telephone. We concluded the parent-child relationship was not sufficient to compensate for plaintiff's lack of close proximity to the negligent act and lack of observance of defendant's negligent act; therefore, we decided plaintiff failed to establish the element of reasonable foreseeability. *Id.* at 667, 435 S.E.2d at 328.

In *Sorrells*, we affirmed a Rule 12(b)(6) motion to dismiss a complaint for negligent infliction of emotional distress, concluding "plaintiffs' alleged severe emotional distress arising from their concern for their son was a possibility 'too remote' to be reasonably foreseeable." *Sorrells*, 334 N.C. at 674, 435 S.E.2d at 323. The *Sorrells* complaint alleged that employees of defendant continued to serve alcohol to plaintiffs' son, Travis, even when they knew he was intoxicated. Plaintiffs later learned "that their son had been killed in a car accident and 'his body mutilated,'" and they suffered severe emotional distress as a result. *Id.* at 671, 435 S.E.2d at 321. Despite the parent-child relationship between plaintiffs and the victim of defendants' alleged negligence, we concluded plaintiffs had failed to state a claim. We said:

We conclude as a matter of law that the possibility (1) the defendant's negligence in serving alcohol to Travis (2) would combine with Travis' driving while intoxicated (3) to result in a fatal accident (4) which would in turn cause Travis' parents (if he had any) not only to become distraught, but also to suffer "severe emotional distress" as defined in *Ruark*, simply was a possibility too remote to permit a finding that it was reasonably foreseeable. This is so despite the parent-child relationship between the plaintiffs and Travis.

*Id.* at 674, 435 S.E.2d at 323.

Reviewing motions to dismiss under Rule 12(b)(6), this Court has held that the Rule

"generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery." . . . A complaint should not be dismissed under Rule 12(b)(6) "unless it affirmatively appears that plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim."

*Ladd v. Estate of Kellenberger,* 314 N.C. 477, 481, 334 S.E.2d 751, 755 (1985) (citations omitted).

Reviewing the Rule 12(b)(6) dismissal before us, we conclude that *Gardner* and *Sorrells* control the issue favorably to defendants. These cases establish that when a parent sues for negligent infliction of emotional distress because of injury to a child caused by the negligence of a third party, the parent-child relationship, standing alone, is insufficient to establish that the severe emotional distress was reasonably foreseeable. It follows that when the suit is by a child seeking recovery for negligent infliction of emotional distress because of injury to a parent, the parent-child relationship, standing alone, is insufficient to establish reasonable foreseeability. Here, on the issue of reasonable foreseeability, plaintiffs allege nothing more than a parent-child relationship. Thus, under no state of facts which might otherwise be proved can plaintiffs establish the necessary element of reasonable foreseeability.

For the foregoing reasons, the decision of the Court of Appeals, reversing the trial court's order granting defendants' motion to dismiss, is

REVERSED.