ALEXANDER v. QUATTLEBAUM

[135 N.C. App. 622 (1999)]

DILLON R. ALEXANDER, by GUARDIAN AD LITEM, AND BRIAN ALEXANDER AND WIFE, CHERYL ALEXANDER, PLAINTIFFS v. ROBERT QUATTLEBAUM AND HABITAT PROPERTIES OF NC, INC., D/B/A HABITAT REALTY, DEFENDANTS

No. COA99-2

(Filed 16 November 1999)

**1. Premises Liability— licensees—standard of care—retroactivity**

The trial court erred in a negligence action arising from a fall through a door by applying a willful and wanton standard of care for licensees and granting a 12(b)(6) dismissal. *Nelson v. Freeland*, 349 N.C. 614, changed the standard to a duty of reasonable care, and that decision is applicable here retroactively because this case falls within the third category of retroactive application listed in *State v. Rivens*, 299 N.C. 385, 389.

**2. Appeal and Error— retroactivity—application—categories of cases**

When changes in the law are made retroactive, these changes apply to five categories of cases: (1) The parties and facts of the case in which the new rule is announced; (2) Cases in which the factual event, trial, and appeal are all at an end but in which a collateral attack is brought; (3) Cases pending on appeal when the decision is announced; (4) Cases awaiting trial; and (5) Cases initiated in the future but arising from earlier occurrences.

Appeal by plaintiffs from order granting a 12(b)(6) motion entered 27 August 1998 by Judge Ronald K. Payne in Henderson County Superior Court. Heard in the Court of Appeals 22 September 1999.

*Jackson & Jackson, by Phillip T. Jackson, for plaintiff-appellants.*

*Cloninger, Barbour & Arcuri, P.A., by John C. Cloninger, for defendant-appellees.*

LEWIS, Judge.

[1],[2] Plaintiff filed this negligence action on 9 April 1998 for injuries arising when he fell through the screen door of his grandmother's mobile home. Specifically, plaintiff alleged that defendants Robert Quattlebaum, owner of the mobile home, and Habitat Properties of N.C., Inc., manager of the property, were negligent in

ALEXANDER v. QUATTLEBAUM

[135 N.C. App. 622 (1999)]

that they failed to make repairs to the screen door, even after plaintiff complained that the door frequently fell off its track. In addition, plaintiff alleged that there was no landing or stairway from the screen door to the ground below. Plaintiff has stipulated that he was a licensee for purposes of his claim. Defendants moved to dismiss this action for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. The trial court granted the dismissal, and plaintiff now appeals.

A defendant's motion for a 12(b)(6) dismissal should be granted where it "appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E.2d 161, 166 (1970). For the purposes of a 12(b)(6) motion to dismiss, the court "must treat the allegations of the complaint as true." *Hickman v. McKoin*, 337 N.C. 460, 462, 446 S.E.2d 80, 82 (1994). The trial court concluded that plaintiff's complaint failed to allege that defendants acted willfully or wantonly toward him. In doing so, the trial court relied on the former case law relating to premises liability, since modified by our Supreme Court in *Nelson v. Freeland*, 349 N.C. 614, 507 S.E.2d 882 (1998).

Formerly, North Carolina law defined the duty owed by landlords according to whether the person on their land was a licensee, invitee, or trespasser. The law defined a licensee as a person who was on the owner's land by permission but whose presence confers benefit to the licensee only. *Andrews v. Taylor*, 34 N.C. App. 706, 709, 239 S.E.2d 630, 632 (1977). The duty owed by the owner to a licensee was to refrain from injuring him willfully or through wanton negligence or by doing any act which increases the hazard to the licensee while he was on the premises. *Id.* at 709, 239 S.E.2d at 632. The law defined an invitee as a person who was on the land with the owner's permission, where there was a mutual benefit by that presence enjoyed by that person and the landowner. *Newton v. New Hanover County Bd. of Education*, 342 N.C. 554, 561, 467 S.E.2d 58, 63 (1996). A landowner owed the invitee a duty of reasonable care to keep the property safe and to warn of hidden dangers. *Pulley v. Rex Hospital*, 326 N.C. 701, 705, 392 S.E.2d 380, 383 (1990). Finally, a trespasser was defined as one who was on the land without the owner's permission and only raised the duty for the landowner to refrain from willfully and wantonly causing injury. *Starr v. Clapp*, 40 N.C. App. 142, 143, 252 S.E.2d 220, 221, *aff'd per curiam*, 298 N.C. 275, 258 S.E.2d 348 (1979).

Plaintiff stipulated here that he was a licensee. Thus, under the former law, in order to survive a 12(b)(6) motion to dismiss, plaintiff would have to allege specific acts of negligence that would tend to show willful conduct or wanton negligence. *Roberts v. Memorial Park*, 281 N.C. 48, 56, 187 S.E.2d 721, 725 (1972).

On 31 December 1998, the North Carolina Supreme Court changed this system in *Nelson v. Freeland*, 349 N.C. 614, 507 S.E.2d 882 (1998). The court announced that the duty owed to licensees is no longer that of refraining from willful or wanton negligence, but rather a duty of reasonable care. *Id.* at 631, 507 S.E.2d at 892. Thus, the court erased the distinction between the duty owed to licensees and invitees. Though the trial court's dismissal of plaintiff's claim here was granted prior to this change in law, the *Nelson* court explicitly stated that the change was to be retroactive. *Id.* at 633, 507 S.E.2d at 893. When changes in the law are made retroactive, these changes apply to five categories of cases:

> (1) The parties and facts of the case in which the new rule is announced; (2) Cases in which the factual event, trial, and appeal are all at an end but in which a collateral attack is brought; (3) Cases pending on appeal when the decision is announced; (4) Cases awaiting trial; and (5) Cases initiated in the future but arising from earlier occurrences.

*State v. Rivens*, 299 N.C. 385, 389, 261 S.E.2d 867, 870 (1980), *cited in MacDonald v. University of North Carolina*, 299 N.C. 457, 462, 263, S.E.2d 578, 581 (1980). Having filed the notice of appeal here on 25 September 1998, this case falls within the third application of retroactivity. Thus, the new standard announced in *Nelson* applies here.

Because the court below granted the 12(b)(6) motion to dismiss based on a willful and wanton standard for licensees, and since the appropriate standard is now one of reasonable care, we vacate the decision below and remand for further proceedings consistent with the new law as described in *Nelson v. Freeland*.

Vacated and remanded.

Judges JOHN and McGEE concur.