STATE OF NORTH CAROLINA v. WILLIAM LEE COOPER

No. 134

(Filed 12 January 1982)

**Searches and Seizures § 37— passenger compartment of vehicle—search incident to lawful arrest**

An officer's search of the passenger compartment of defendant's truck and a paper bag found therein on 22 May 1980 immediately following defendant's

lawful arrest for driving under the influence and while defendant was sitting in the back seat of the officer's patrol car did not violate the Fourth and Fourteenth Amendments to the U.S. Constitution since the search came within the scope of the decision in *New York v. Belton,* --- U.S. ---- (1981), and that decision could properly be applied retroactively.

ON certiorari to the North Carolina Court of Appeals to review its decision, 52 N.C. App. 349, 278 S.E. 2d 532 (1981).

In the early morning hours of 22 May 1980, Officer G. M. Ray of the Raleigh Police Department and another officer were on duty in a police vehicle parked at a service station at Raleigh Boulevard and New Bern Avenue. At approximately 4 a.m., Officer Ray noticed a red pickup truck approach on New Bern Avenue at a high rate of speed. The truck turned left onto Raleigh Boulevard, sliding sideways with tires squealing. Officer Ray followed the truck down Raleigh Boulevard and observed that it was being driven erratically and at a high rate of speed. He stopped the truck on Raleigh Boulevard near Oakwood Avenue, parking his police cruiser some fifteen feet behind the truck.

As Officer Ray approached the truck, three people got out. Defendant William Lee Cooper, the driver, met Officer Ray between the two parked vehicles. Defendant Cooper was unsteady on his feet and reeked of alcohol. In response to the officer's question, defendant admitted he had been drinking. Officer Ray arrested him and placed him in the back seat of the patrol car.

While the other officer maintained control over defendant's companions, Officer Ray returned to the pickup truck to search for evidence of driving under the influence. The driver's side door would not open. Upon opening the door on the passenger side, Officer Ray immediately smelled a strong odor of marijuana. He slid across the seat to the left and saw a brown paper bag lying in the door well on the driver's side. The top of the bag was twisted closed. Officer Ray picked up the bag and held it a few inches from his nose. It exuded a strong odor of marijuana. He opened the bag and found within it a small plastic bag containing vegetable material. The vegetable material was later determined to be 43.9 grams of marijuana.

Defendant, charged under a proper bill of indictment with felonious possession of marijuana, filed a motion to suppress the

marijuana. The trial court, Bailey, J., conducted a hearing, made pertinent findings, including a finding that the search was made "incidental to the arrest," and concluded the search was proper. He thereupon denied the motion.

Defendant pleaded guilty to maintaining a vehicle for purpose of keeping marijuana, G.S. 90-108(a)(7), and driving under the influence, G.S. 20-138. The cases were consolidated for judgment and defendant was sentenced to six months, suspended for three years, and ordered to pay a fine of $300.

Defendant appealed to the Court of Appeals, pursuant to G.S. 15A-979(b). On 2 June 1981, the Court of Appeals reversed the order denying defendant's motion to suppress on grounds the search was not incident to his arrest. *State v. Cooper*, 52 N.C. App. 349, 278 S.E. 2d 532 (1981). That court vacated the judgment of the superior court and remanded for resentencing in the driving under the influence case.

On 1 July 1981, the United States Supreme Court rendered its decision of *New York v. Belton*, --- U.S. ----, 69 L.Ed. 2d 768, 101 S.Ct. 2860 (1981). The State sought a writ of certiorari to review the decision of the Court of Appeals in light of *Belton.* We allowed the petition for certiorari on 6 October 1981.

*Rufus L. Edmisten, Attorney General, by Myron C. Banks, Special Deputy Attorney General, for the State.*

*Donald H. Solomon for defendant appellee.*

HUSKINS, Justice.

The sole question posed by this case is whether Officer Ray's search of the passenger compartment of defendant's truck following his custodial arrest violated the Fourth and Fourteenth Amendments to the United States Constitution, *i.e.*, whether this case is within the scope of *New York v. Belton*, --- U.S. ----, 69 L.Ed. 2d 768, 101 S.Ct. 2860 (1981).

In *Belton*, the United States Supreme Court held that when a police officer has effected a lawful custodial arrest of an occupant of a vehicle, the officer may, as a contemporaneous incident of that arrest, conduct a search of the passenger compartment of the vehicle extending to the contents of containers found within the

passenger compartment. Defendant offers three arguments that the holding in *Belton* does not apply to this case.

Defendant first contends that the search was not "a contemporaneous incident of the arrest." At the time of the search, defendant was under arrest and sitting in the back seat of a patrol car; thus, he argues the area searched was no longer within his immediate control. This contention is directly refuted by the holding in *Belton.* After Mr. Belton's car was stopped, he and his three passengers were placed under arrest. The arresting officer "split them up into four separate areas of the Thruway at this time so they would not be in physical touching area of each other." --- U.S. at ----, 69 L.Ed. 2d at 772, 101 S.Ct. at 2862. The officer searched each of the four defendants, then searched the interior of the car, including Belton's jacket. The Supreme Court held that the search of the jacket did not violate the Fourth and Fourteenth Amendments because the search immediately followed a custodial arrest and the jacket was "within the arrestee's immediate control." The Court noted:

> It seems to have been the theory of the Court of Appeals that the search and seizure in the present case could not have been incident to the respondent's arrest, because Trooper Nicot, by the very act of searching the respondent's jacket and seizing the contents of its pocket, had gained 'exclusive control' of them [citations omitted]. But under this fallacious theory no search or seizure incident to a lawful custodial arrest would ever be valid; by seizing an article even on the arrestee's person, an officer may be said to have reduced that article to his 'exclusive control.'

--- U.S. at ----, n. 5, 69 L.Ed. 2d at 776, n. 5, 101 S.Ct. at 2865, n. 5.

In *Belton* and in this case, the searches immediately followed the arrests. In both situations, defendants had been removed from the passenger compartments of their vehicles before the searches took place. The Supreme Court held that for purposes of the doctrine of *Chimel v. California,* 395 U.S. 752, 23 L.Ed. 2d 685, 89 S.Ct. 2034 (1969), the passenger compartment of a vehicle in which defendant had been a *"recent occupant,"* is an area within his immediate control. --- U.S. at ----, 69 L.Ed. 2d at 776, 101 S.Ct. at 2865 (emphasis supplied). The fact that defendant in this

case was sitting in a police vehicle instead of standing on the street under an officer's supervision fails to remove the factual setting from the scope of *Belton.*

Defendant next argues that the search of the contents of the paper bag found inside the truck was invalid under the doctrine of *Arkansas v. Sanders,* 442 U.S. 753, 61 L.Ed. 2d 235, 99 S.Ct. 2586 (1979), and *United States v. Chadwick,* 433 U.S. 1, 53 L.Ed. 2d 538, 97 S.Ct. 2476 (1977). The contention is meritless. As the Supreme Court emphasized in *Belton,* "neither of those cases involved an arguably valid search incident to a lawful custodial arrest." --- U.S. at ----, 69 L.Ed. 2d at 776, 101 S.Ct. at 2865. Therefore, as in *Belton,* those cases have no effect on the decision in this case.

Defendant's final contention is that applying the *Belton* rule in this case would be impermissibly retroactive. Retroactive operation of an overruling decision is neither required nor prohibited by the United States Constitution. *Linkletter v. Walker,* 381 U.S. 618, 14 L.Ed. 2d 601, 85 S.Ct. 1731 (1965). The matter is one of judicial policy, to be determined by the court after weighing the merits and demerits of the particular case, by looking to the prior history of the rule in question, its purpose and effect, and whether retroactive application will further or retard its application. *Id.* at 629, 14 L.Ed. 2d at 608, 85 S.Ct. at 1738. Decisions are presumed to operate retroactively, and overruling decisions are given solely prospective application only when there is compelling reason to do so. *State v. Rivens,* 299 N.C. 385, 261 S.E. 2d 867 (1980).

The Supreme Court enunciated a "bright line" test in *Belton.* Rather than evaluate each custodial arrest of the occupant of a vehicle to determine whether an article was within his immediate control, a court need only find that an article was within the passenger compartment, and it is deemed to have been within the arrestee's immediate control. The articulation of such a "straightforward rule" was to provide guidance for courts, police officers and individuals. We must conclude that in generalizing the *Chimel* doctrine to provide a workable rule, the Supreme Court intended the decision to operate retrospectively as well as prospectively. Therefore, defendant's contention must fail.

Our review of the record and decisions impels the conclusion that the decision of the Court of Appeals conflicts with a decision

of the United States Supreme Court. The decision of the Court of Appeals is reversed and the case remanded to that court for further remand to Wake Superior Court for reinstatement of the original judgment.

Reversed and remanded.