State v. Todd

STATE OF NORTH CAROLINA v. JAMES ROBERT TODD, JR.

No. 8124SC731

(Filed 16 February 1982)

**Searches and Seizures § 37— search of jacket in vehicle —suppression of evidence improper**

 The trial court erred in granting defendant's motion to suppress evidence obtained as a result of a search of his automobile where the evidence tended to show that a special agent arrested defendant pursuant to an arrest order for a drug violation; that the agent asked defendant to get out of his automobile and asked the defendant if he could search his vehicle for weapons; that the defendant gave him permission to do so; that as the agent was searching the passenger area of the vehicle, another officer handed him a jacket which had been on the front seat; and that a bag containing cocaine and $2,500 in currency was removed from the pocket of the jacket. When an officer lawfully arrests a person who is in a motor vehicle, the officer has an absolute right to search the passenger area and any container found in the passenger area of the vehicle.

APPEAL by the State from *Griffin, Judge*. Order entered 6 March 1981 in Superior Court, WATAUGA County. Heard in the Court of Appeals 5 January 1982.

The defendant was indicted for possession of more than 28 but less than 200 grams of cocaine. He made a motion to suppress evidence obtained as a result of a search of his automobile. A hearing was held on this motion prior to trial at which the only evidence was the testimony of Robert B. Kaiser. a special agent with the State Bureau of Investigation. Mr. Kaiser testified that on 7 October 1980 he was notified by telephone and by printed message received on the PIN system at the Sheriff's Office in Watauga County that an arrest order for a drug violation had been issued for the defendant in Brunswick County. Mr. Kaiser knew the defendant and started searching for him.

On 8 October 1980 Mr. Kaiser stopped the defendant who was operating his vehicle in Watauga County. Mr. Kaiser arrested the defendant and asked him to get out of his automobile. Mr. Kaiser then asked the defendant if he could search his vehicle for weapons and the defendant gave him permission to do so. Mr. Kaiser stated he wanted to make an investigatory search of the entire vehicle including the trunk "for either contraband, or papers in connection with the Brunswick County charges and that

State v. Todd

is why I asked him for permission to search the car." He said he would have searched the interior of the vehicle whether or not he had received permission.

While Mr. Kaiser was searching the passenger area of the vehicle, an officer who was helping him in the search handed him a jacket which had been on the front seat of the automobile. Mr. Kaiser felt a soft object in the left pocket of the jacket. He testified he knew it was not a weapon and thought it was probably a bag of marijuana. He removed the object and it was a bag containing cocaine and $2,500.00 in currency. Mr. Kaiser removed from the right pocket of the jacket a ledger containing figures, names, and weights.

At the conclusion of the hearing on the motion to suppress, the court found that after the defendant was arrested and removed from the vehicle, he was not in a position to reach the jacket; that the objects were not in plain view; and a search of the jacket was not a search incident to an arrest. The court found further that the consent to search was given without the defendant's being informed of what type of search Mr. Kaiser intended to make, the search was not for the purpose of making an inventory, and there were not exigent circumstances which would justify an immediate search of the defendant's jacket pockets. The court suppressed the admission into evidence of the items found by Mr. Kaiser as a result of the search of the jacket. The State appealed.

*Attorney General Edmisten, by Assistant Attorney General J. Michael Carpenter, for the State.*

*Steven A. Bernholz and Barry Nakell for defendant appellee.*

WEBB, Judge.

Pursuant to *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed. 2d 768 (1981), decided after this case was determined in superior court, we reverse. In *Belton,* the defendant and three companions were stopped by a trooper for speeding. The trooper removed all four persons from the vehicle when he smelled a distinct odor of marijuana emanating from the vehicle. After the defendant and the other occupants had been removed from the vehicle, the trooper arrested them for possession of marijuana.

The trooper then searched the passenger area of the vehicle. He unzipped a pocket of a jacket which had been in the passenger area and found cocaine and the defendant's identification in the pocket. The United States Supreme Court held this evidence should not have been excluded under the Fourth Amendment to the United States Constitution. After some discussion as to the need for a workable and understandable rule in regard to searches incident to arrest, the Court said:

> "Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
>
> It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment."

We believe the instant case is governed by *Belton*.

The defendant argues that *Belton* does not apply. He says there was one officer and four suspects in *Belton* while there were three officers and one suspect in this case. He contends this gave the officer in *Belton* more reason to search. He also argues that in this case, unlike *Belton*, the officers had completed the arrest before the search began. Finally, the defendant argues that Mr. Kaiser testified that the search was made to find contraband and this makes the rule of *Belton* inapplicable because the State has shown by its own evidence that the search was not incident to the arrest.

As we read *Belton*, none of the distinctions which the defendant makes are helpful to him. We believe that under *Belton* when an officer lawfully arrests a person who is in a motor vehicle, the officer has an absolute right to search the passenger area and any container found in the passenger area of the vehicle. The thrust of *Belton* is to establish a workable rule which does not require interpretation by a court at a later time as to the scope of the search. We believe this rule allows the search conducted by Mr. Kaiser in the instant case. *See State v. Cooper*, 304 N.C. 701, 286 S.E. 2d 102 (1982). We hold it was error to exclude from evidence the items found as a result of the search.

Reversed and remanded.

Judges VAUGHN and HILL concur.