State v. Funderburk

Reversed and remanded.

Judges VAUGHN and HILL concur.

STATE OF NORTH CAROLINA v. ULICE ARCHIE FUNDERBURK

No. 8126SC584

(Filed 16 February 1982)

**Criminal Law § 83.1; Constitutional Law § 33— competency of wife to testify against husband —retroactive decision**

    In a prosecution for first degree murder and discharging a firearm into occupied property, testimony by defendant's wife as to what occurred at the time of the crimes was not rendered incompetent by G.S. 8-57 since the testimony did not involve a "confidential communication" between spouses. Furthermore, the retroactive application to this case of the rule announced in *State v. Freeman*, 302 N.C. 591 (1981), which limited the spousal disqualification of G.S. 8-57 to testimony involving confidential communications within the marriage, did not violate the *ex post facto* clause of either the United States or North Carolina Constitutions. Article I, Section 16 of the N.C. Constitution; Article I, Section 9 of the U.S. Constitution.

APPEAL by the state from *Gaines, Judge.* Order entered 5 January 1981, in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 16 November 1981.

As the result of an incident which occurred on 18 May 1980, defendant was charged in two indictments with murder in the first degree and discharging a firearm into occupied property. Defendant's wife, Mattie Funderburk, witnessed the alleged crimes. Pursuant to G.S. 8-57 defendant, prior to trial, moved to suppress the proposed testimony of Mrs. Funderburk on the grounds that one partner to a marriage may not testify against his or her spouse in a criminal action. Evidence presented at hearing on the motion tended to show that defendant and his wife were married on 24 February 1968, and that although Mrs. Funderburk had filed a civil complaint in 1977 seeking an absolute divorce, no final decree had ever been issued.

The trial court found as a fact that Mattie Funderburk was defendant's lawful spouse, concluded as a matter of law that G.S. 8-57 applied to any proposed testimony by Mrs. Funderburk con-

cerning the offenses with which defendant was indicted, and entered an order ruling her testimony incompetent.

The state and defendant stipulated that Mattie Funderburk would have testified she was operating a 1972 Pontiac at the intersection of Trinity Church Road and Beatties Ford Road in Mecklenburg County on 18 May 1980. John Lawson Bracy was a passenger, seated in the front passenger side of the automobile. Mrs. Funderburk testified in a preliminary hearing and gave statements setting forth the details of a shooting that occurred when defendant approached the Pontiac at the intersection on the day in question. Bracy was killed in the shooting.

The state excepted to the trial court's findings of fact, conclusions of law, and order. State appealed.

*Attorney General Edmisten, by Assistant Attorney General W. Dale Talbert, for the state.*

*Keith M. Stroud for defendant appellee.*

MORRIS, Chief Judge.

We note that the state did not file a record on appeal within the time stipulated by Rule 12(a) of the Rules of Appellate Procedure, and that it failed to ask for an extension of time to file from this Court. We will, however, suspend the requirement of Rule 12(a) and consider this appeal pursuant to our residual authority expressed in Rule 2 in order to prevent manifest injustice.

The central issue raised on appeal is whether the trial court erred in granting the defendant's motion to suppress the testimony of his wife, Mattie Funderburk. We find that G.S. 8-57 did not render incompetent the proposed testimony of Mrs. Funderburk in view of the North Carolina Supreme Court's recent decision in *State v. Freeman,* 302 N.C. 591, 276 S.E. 2d 450 (1981).

The Supreme Court in *Freeman* modified the common law rule of general disqualification in criminal proceedings of the testimony of a spouse of a defendant involving confidential communications between spouse and defendant. Finding that "the common law rule no longer complies with the purposes for which it was created," Justice Copeland, for the Court, wrote:

Henceforth, spouses shall be incompetent to testify against one another in a criminal proceeding only if the substance of the testimony concerns a "confidential communication" between the marriage partners made during the duration of their marriage.

*Id.* at 596, 276 S.E. 2d at 453. In determining whether the testimony includes a "confidential communication," the courts are to be guided by the Supreme Court's previous decisions interpreting that term under G.S. 8-56. The decisions define a confidential communication as one "induced by the marital relationship and prompted by the affection, confidence, and loyalty engendered by such relationship." *Id.* at 598, 276 S.E. 2d at 454. By limiting the spousal disqualification to testimony involving confidential communications within the marriage, the Court insured that the rule continued to serve its historial objective of promoting marital harmony, while prohibiting a defendant spouse from using the rule to inhibit the administration of justice. *Id.*

We find that Mrs. Funderburk's proposed testimony includes nothing which would render it incompetent under the rule of *Freeman* and the case law definition of "confidential communication."

The acts complained of in *Freeman* occurred on 5 June 1980. The defendant in the case *sub judice* allegedly shot Bracy on 18 May 1980. Defendant argues that retroactive application to this case of the rule as modified by *Freeman would be tantamount to the imposition of an ex post facto* law, violative of Article 1, Section 16 of the North Carolina Constitution and Article 1, Section 9 of the United States Constitution. He contends that the prohibition against the enactment of *ex post facto* laws applies to judicial as well as legislative action.

Our Supreme Court in *State v. Rivens*, 299 N.C. 385, 261 S.E. 2d 867 (1980); cited in *State v. Cooper*, 304 N.C. 701, 286 S.E. 2d 102 (1982), spoke directly to this question. There the Court held that there is no violation of the *ex post facto* clause of either the United States or North Carolina Constitution when a court decision is applied retroactively, because the clause applies to legislative and not judicial action. *State v. Rivens*, supra. Moreover, decisions are presumed to operate retroactively, and

overruling decisions are given solely prospective application only when there is compelling reason to do so. *Id.*

We hold that the decision in *Freeman* applies retroactively to this case because there is no compelling reason why it should not apply, and that the trial court erred in concluding as a matter of law that Mattie Funderburk's proposed testimony was incompetent under G.S. 8-57. The order to suppress her testimony must be reversed and the case remanded for trial.

Reversed and remanded.

Judges HEDRICK and MARTIN (Robert M.) concur.