STATE OF NORTH CAROLINA v. TONY ANTHONY QUICK

No. 8210SC709

(Filed 15 February 1983)

**Robbery § 4.3— robbery with a firearm—identification of instrument as firearm sufficiently positive**

   In a prosecution for robbery with a firearm, the identification of the instrument used as a firearm was sufficiently positive to be submitted to the jury where a witness testified that defendant pulled out "what appeared to me to be a sawed-off shotgun," and where the woman behind the cash register stated that the defendant and another man told her "not to hit the drawer or they would *shoot* me." G.S. 14-87.

APPEAL by defendant from *Battle, Judge.* Judgment entered 15 February 1982 in the Superior Court of WAKE County. Heard in the Court of Appeals 17 January 1983.

   *Attorney General Rufus L. Edmisten by Associate Attorney Floyd M. Lewis for the State.*

   *Appellate Defender Adam Stein by Assistant Appellate Defender Malcolm R. Hunter, Jr., for the defendant appellant.*

BRASWELL, Judge.

   The indictment charged the offense of robbery with a firearm, and alleged the weapon to be a shotgun. The verdict was "guilty of robbery with a firearm." The sole question presented for review is whether the trial court erred in denying the defendant's motion to dismiss at the close of all the evidence. Defendant contends that "the state failed to show that the instruments displayed by the alleged robbers were in fact firearms."

   On 22 July 1981, two men, one of whom was later identified as the defendant Quick, entered The Showroom, a women's clothing store in Cameron Village in Raleigh. Under a threat of being shot by the men, Susan King, Assistant Manager, gave money from the cash register to the intruders.

   Testimony in the record shows that while the men were at the cash register each of them pulled out an instrument that "appeared to be sawed off shotguns." While testifying Ms. King said: "They told me not to hit the drawer or they would *shoot* me."

(Emphasis added.) She also testified that "[t]hey each pulled out their guns soon as I opened the drawer," and that those guns were pointed at her.

A customer in The Showroom who saw the incident, Ms. Pamela Pait, testified that she saw the defendant "pull out what appeared to me to be a sawed-off shotgun," and point it "at the girl behind the register."

The defendant and his witnesses testified to an alibi.

In his brief the defendant contends that the quality of the evidence of the offense charged was insufficient to support a finding by the jury beyond a reasonable doubt that the defendant actually had a firearm and actually endangered life at the time of the taking. Defendant further contends that it is not enough that the State show that the victims "thought" or "believed" the instruments might be firearms and that there was no "positive" identification of the alleged robbery instruments as firearms.

The standard for determining the sufficiency of the evidence to overcome a motion to dismiss at the close of the case was clearly enunciated in *State v. Wright*, 302 N.C. 122, 126, 273 S.E. 2d 699, 703 (1981).[1] This test requires the presence of substantial evidence on every element of the crime. Robbery with a firearm requires as one of its elements that the robbery be accomplished by the use or threatened use of a firearm. G.S. 14-87.

The rationale of our Supreme Court concerning the appearance of firearms, so well stated in *State v. Thompson*, 297 N.C. 285, 254 S.E. 2d 526 (1979), has been reaffirmed in the subsequent decision in *State v. Rivens*, 299 N.C. 385, 261 S.E. 2d 867 (1980). The *Thompson* holding, *supra* at 288 and 289, 254 S.E. 2d at 528, states:

> "Whether an instrument is a dangerous weapon or a firearm can only be judged by the victim of a robbery from

---

1. "The evidence is sufficient to sustain a guilty verdict if substantial evidence was presented on every element of the offense charged. 'Substantial evidence' is defined as that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. (Citations omitted.) In ruling upon defendant's motions challenging the sufficiency of the evidence, the trial court is required to interpret the evidence in the light most favorable to the State, drawing all reasonable inferences therefrom in the State's favor. (Citations omitted.)"

its appearance and the manner of its use. We cannot perceive how the victims in [the] instant case could have determined with certainty that the firearm was real unless defendant had actually fired a shot. We would not intimate, however, that a robbery victim should force the issue merely to determine the true character of the weapon. Thus, when a witness testified that he was robbed by use of a firearm or other dangerous weapon, his admission on cross-examination that he could not positively say it was a gun or dangerous weapon is without probative value.

We conclude that when the State offers evidence in an armed robbery case that the robbery was attempted or accomplished by the use or threatened use of what *appeared* to the victim to be a firearm or other dangerous weapon, evidence elicited on cross-examination that the witness or witnesses could not positively testify that the instrument used was in fact a firearm or dangerous weapon is not of sufficient probative value to warrant submission of the lesser included offense of common law robbery. When a person perpetrates a robbery by brandishing an instrument which appears to be a firearm, or other dangerous weapon, in the absence of any evidence to the contrary, the law will presume the instrument to be what his conduct represents it to be — a firearm or other dangerous weapon."

*See also, State v. Porter,* 303 N.C. 680, 281 S.E. 2d 377 (1981).

In the case before us, we hold that Ms. King was not bound to test the character of the projectile which would emanate from the barrel of what appeared to her to be a sawed-off shotgun before handing over the money from the cash drawer. When she was told that she would be shot if she hit the drawer, Ms. King was not required to wait and see if the trigger would be pulled if she disobeyed the life-threatening command. The contentions of the defendant are found to be without merit. The quality of the evidence was sufficient to overcome the motion to dismiss. The identification of the instrument as a firearm was sufficiently positive to be submitted to the jury.

We find no error.

Chief Judge VAUGHN and Judge WELLS concur.