STATE OF NORTH CAROLINA v. VANCE STERLING ALLEN

No. 842SC1085

(Filed 7 May 1985)

**1. Criminal Law § 75.15— voluntariness of confession**
    The evidence supported the trial court's determination that defendant's in-custody statement was voluntary where the only evidence tending to show that defendant may have been impaired was his bare assertion to an officer that he was "on coke," and where the State's evidence tended to show that defendant was out of breath and perspiring when apprehended because he had been running, and that when his statement was taken defendant had cooled down, was very composed, and answered questions intelligently.

**2. Robbery § 4.3— evidence of inoperable weapon or cap pistol—sufficiency of evidence of armed robbery**

While the evidence that defendant was found with an inoperable pistol or that he used a cap pistol removed the mandatory presumption of danger or threat to life, allowing the jury to consider the lesser included offense of common law robbery, the evidence was not so compelling as to prevent a permissive inference of danger or threat to life or to require a directed verdict in defendant's favor as to the charge of robbery with a dangerous weapon.

**3. Robbery § 5.2— instruction on cap pistol as dangerous weapon**

The trial court did not err in instructing the jury that a cap pistol could be a dangerous weapon if it is apparently capable of inflicting a life threatening injury.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 12 June 1984 in Superior Court, MARTIN County. Heard in the Court of Appeals 5 April 1985.

This is a criminal case in which defendant, Vance Sterling Allen, was convicted at a jury trial for the felony of robbery with a dangerous weapon. From a judgment imposing the mandatory minimum fourteen year prison sentence, defendant appeals.

The State's evidence tended to show that on 10 September 1983, Dorothy Davenport was employed by the Quick Snack store in Williamston. Shortly before 11:00 p.m., a black male wearing a mask entered the store, pointed what appeared to be a gun at Ms. Davenport and ordered her to give him the money in the cash register. Ms. Davenport handed the money which included "one or two twenties" to the man, later identified as defendant, as a car drove up to the store.

Mr. Rudy Brown drove up to the Quick Snack at approximately 11:00 p.m. As he approached the door, he met a man wearing a ski mask holding in his hand what appeared to Mr. Brown to be a revolver. The masked man ordered Mr. Brown to stop and then fled on foot, running east along U.S. Highway 64. Mr. Brown got back into his car and followed the fleeing man who entered a wooded area near Martin General Hospital. Mr. Brown then stopped at the residence of Chief Deputy Sheriff Jerry Beach, who lived nearby on U.S. Highway 64, and told him of the incident. Mr. Brown then drove back to Martin General Hospital where he observed a gray Ford Granada parked on a dirt path nearby. Mr. Brown pulled his car in front of the Ford Granada

State v. Allen

and observed a man he identified as the defendant sitting behind the steering wheel.

At about this same time, Williamston City Police officers and Deputy Beach arrived, took defendant into custody and conducted a search in which they found the rear portion of a revolver and a crumpled twenty dollar bill on defendant's person and another twenty dollar bill in the passenger compartment of the Ford Granada.

Defendant told Deputy Beach that he was "on coke" and Deputy Beach observed that defendant was sweating and completely out of breath and that defendant smelled of alcohol but was not intoxicated. Deputy Beach took defendant to the Martin County Sheriff's Department where defendant gave a statement. A search of the area where defendant was arrested produced a yellow ski mask. Neither the front portion of the revolver nor any other money was recovered.

*Attorney General Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Griffin, Martin and Cannon, by Glen E. Cannon, for defendant-appellant.*

EAGLES, Judge.

I

[1] Defendant first assigns as error the trial court's denial of his motion to suppress his inculpatory statement to police on the grounds that the statement was not made freely, voluntarily and understandingly and was taken in violation of defendant's constitutional rights. We find no error.

Defendant contends that his physical and mental condition immediately prior to and at the time of the making of inculpatory statements "calls into serious question" the voluntariness of his statement to police. We disagree.

Our examination of the record reveals that a *voir dire* was held as to the voluntariness of the inculpatory statement given by defendant to police. Evidence offered at *voir dire* tended to show that defendant, rather than being incoherent when apprehended, was out of breath and had been perspiring heavily because he had

been running. The only evidence tending to show that defendant may have been impaired was his bare assertion to Deputy Beach that he was "on coke." When defendant's statement was taken, defendant had "cooled down" and was "very composed," answering questions "very intelligently" after being advised of his rights to remain silent and to have an attorney present. At the conclusion of the evidence on *voir dire*, the trial court made appropriate findings of fact and conclusions of law that defendant "freely, voluntarily and understandingly waived his constitutional right to remain silent and his right against self-incrimination by agreeing to answer questions after having been fully informed of said constitutional rights and others." Accordingly, the trial court ruled that defendant was "not entitled to suppress" the inculpatory statements he made to police on 11 September 1983 at 12:15 a.m.

Findings of fact made by the trial court following a *voir dire* hearing on the voluntariness of a defendant's confession are conclusive on appeal if supported by competent evidence in the record. *State v. Jackson*, 308 N.C. 549, 304 S.E. 2d 134 (1983); *State v. Oxendine*, 305 N.C. 126, 286 S.E. 2d 546 (1982); *State v. Rook*, 304 N.C. 201, 283 S.E. 2d 732 (1981), *cert. denied*, 455 U.S. 1038 (1982). The trial court's findings of fact and conclusions of law as to the voluntariness of defendant's inculpatory statement to police are supported by competent evidence and are binding on this court. Accordingly, the trial court did not err in denying defendant's motion to suppress.

## II

[2]  Defendant next assigns as error the trial court's denial of his motion to dismiss the charge of robbery with a dangerous weapon made at the close of the State's evidence and at the close of all the evidence. We find no error.

Defendant argues that since defendant stated to police that the weapon he used was a "cap pistol" and since the only weapon found in the possession of defendant was the rear portion of a revolver which alone was incapable of firing, there was insufficient evidence that the weapon used by defendant in the robbery was a dangerous weapon. We disagree. Our examination of the record reveals that the victim of the robbery and the witness both testified they thought defendant was holding a real gun during the robbery.

In *State v. Joyner*, 67 N.C. App. 134. 312 S.E. 2d 681 (1984), *aff'd* 312 N.C. 779, 324 S.E. 2d 841 (1985), the Supreme Court explained:

> When a person commits a robbery by the use or threatened use of an implement which appears to be a firearm or other dangerous weapon, *the law presumes*, in the absence of any evidence to the contrary, that the instrument is what his conduct represents it to be — an implement endangering or threatening the life of the person being robbed. [Citations omitted.]   Thus, where there is evidence that a defendant has committed a robbery with what appears to the victim to be a firearm or other dangerous weapon *and nothing to the contrary appears in evidence*, the presumption that the victim's life was endangered or threatened is mandatory.

*Id.* at 782, 324 S.E. 2d at 844 (1985).

> [W]hen *any evidence* is introduced tending to show that the life of the victim was not endangered or threatened, "the mandatory presumption disappears, leaving only a mere permissive inference" . . . which . . . permits but does not require the jury to infer the elemental fact (danger or threat to life) from the basic fact proven (robbery with what appeared to the victim to be a firearm or other dangerous weapon). [Citations omitted.]

*Id.* at 783, 324 S.E. 2d at 844 (1985).

As applied here, there was proof of a robbery with what appeared to the victim to be a dangerous weapon. However, since there was evidence introduced by the State tending to show that the victim's life was not actually endangered or threatened, i.e. defendant had in his possession an inoperable weapon when arrested and stated to police that he had, in fact, used a cap pistol, there survived only a permissive inference of the elemental fact of danger or threat to life. *State v. Joyner, supra.* While the evidence that defendant was found with an inoperable pistol or that he used a cap pistol removed the *mandatory presumption* of danger or threat to life, allowing the jury to consider the lesser included offense of common law robbery, the evidence was not so compelling as to prevent a *permissive inference* of danger or threat to life or to require a directed verdict in defendant's favor as to the charge of robbery with a dangerous weapon. *Id.*

We note that defendant was arrested about twenty minutes after the robbery. This was ample time in which defendant could have discarded the barrel portion of the pistol which was found in his possession. Further, testimony at trial clearly shows that a gun barrel was seen in defendant's hand at the time of the robbery. Here, the trial court correctly instructed the jury on the crimes of robbery with a dangerous weapon and common law robbery. The jury inferred that the element of danger or threat to life was present and entered its verdict accordingly.

### III

[3] Defendant next assigns as error the trial court's instruction that a cap pistol was included in and met the definition of the term "dangerous weapon."

In its charge to the jury, the trial court stated:

The sixth thing the State must prove to you beyond a reasonable doubt for you to return a verdict of guilty of robbery with a dangerous weapon is that the defendant had a firearm or other dangerous weapon in his possession at the time he obtained the currency. The term "dangerous weapon" includes firearms. A .22 caliber pistol is a firearm within the meaning of the law as it applies to this case. The term "dangerous weapon" also includes pistols which look like firearms such as cap pistols.

An instrument is a dangerous weapon if it is apparently a weapon capable of inflicting a life threatening injury.

At the time of the robbery, there was no basis for the victim or the witness to conclude that the metal object with a protruding barrel brandished by defendant was anything other than a gun, a dangerous weapon. Further, the jury instruction here fully comports with the holding in *State v. Quick*, 60 N.C. App. 771, 299 S.E. 2d 815 (1983):

Whether an instrument is a dangerous weapon or a firearm can only be judged by the victim of a robbery from its appearance and the manner of its use. We cannot perceive how the victims in [the] instant case could have determined with certainty that the firearm was real unless the defendant had actually fired a shot. We would not intimate, however, that a

robbery victim should force the issue merely to determine the true character of the weapon.

*Id.* at 771, 772, 299 S.E. 2d at 816 (1983).

The evidence is clear that the object used by defendant in the commission of the robbery, notwithstanding the fact that it may have been an inoperable pistol or a cap pistol, was perceived by the victim to be a real gun. Accordingly, the trial court's instruction to the jury that a cap pistol could be a dangerous weapon if it is apparently capable of inflicting a life threatening injury, was not error.

Since there is substantial evidence of each element of robbery with a dangerous weapon, we find in the trial

No error.

Judges WHICHARD and JOHNSON concur.