An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-43

Filed 15 October 2025

Wayne County, No. 09CRS051448-950

STATE OF NORTH CAROLINA

v.

TRISTAN PHILLIP HINES, Defendant.

Appeal by Tristan Phillip Hines from judgment entered 7 October 2022 by Judge William W. Bland in Wayne County Superior Court. Heard in the Court of Appeals 12 August 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Caden W. Hayes, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Wyatt Orsbon, for Defendant–Appellant.*

MURRY, Judge.

Tristan P. Hines (Defendant) appeals from the trial court's order denying his motion for appropriate relief (MAR). For the reasons below, this Court holds that the trial court did not err by denying Defendant's MAR.

## I.    Background

On 10 March 2009, Defendant was arrested for stealing 28 video games from

Target Stores, valued at $1,599.72. The next day, Defendant was charged with felony larceny, simple possession of marijuana, and resisting a public officer. On 30 June 2009, Defendant was charged with felony larceny by bill of information (information) alleging that he "unlawfully, willfully, and feloniously did steal, take, and carry away 28 assorted video games, the personal property of Target Stores, such property having a value of $1,599.72." (Brackets omitted.) That same day, Defendant entered a guilty plea to felony larceny in exchange for the State's dismissal of the other two charges. The trial court accepted Defendant's guilty plea and sentenced him within the presumptive range of 11–14 months, suspended for 36 months of supervised probation following a 120-day active sentence. Defendant did not appeal the sentence at the time.

Almost ten years later, Defendant filed a MAR on 12 June 2019, claiming that the original trial court lacked jurisdiction because the information was "fatally defective" for failing to allege that "Target Stores" was an entity capable of owning personal property. The trial court heard Defendant's MAR on 22 June 2021 and denied it by order issued 7 October 2022. Defendant filed a petition for writ of certiorari (PWC) to this Court on 15 February 2024, seeking review of the order. In its discretion, this Court granted Defendant's PWC on 8 April 2024.

## II. Jurisdiction

This Court has jurisdiction to grant certiorari review of the trial court's denial of Defendant's MAR under N.C.G.S. §§ 7A-32 and 15A-1415. *See* N.C.G.S. § 7A-32(c)

(appellate jurisdiction to issue writ of certiorari); N.C.G.S. § 15A-1415 (b)(2) (allowing MAR "more than 10 days after entry of judgment" on certain grounds).

## III. Analysis

Defendant claims that the trial court erred by refusing to vacate his larceny conviction. First, Defendant claims that due process bars the retroactive application of *State v. Singleton*, 386 N.C. 183 (2024), to his case because it requires this Court to judge the sufficiency of the charge according to the law in effect at the time of the alleged offense. Second, Defendant argues that the trial court lacked jurisdiction to adjudicate the charge of felony larceny because the charging information deprived him of constitutionally adequate notice of the accusation against him. We review a trial court's denial of an MAR to determine whether its "findings of fact are supported by evidence . . . [and] support the conclusions of law, and whether the conclusions of law support the order entered by the trial court." *State v. Frogge*, 359 N.C. 228, 240 (2005) (quotation omitted). For the following reasons, this Court holds that the trial court did not err by denying Defendant's MAR.

## A. Retroactivity

First, Defendant argues that *State v. Singleton* does not retroactively apply to the information, and that holding otherwise violates his due-process rights under the Federal and State Constitutions. He claims for the first time on appeal that we may assess "the sufficiency of the charge" in the information only "according to the law in effect at the time of the alleged offense."

We ordinarily do not address "constitutional question[s] . . . not raised and passed upon in the trial court." *State v. Hunter*, 305 N.C. 106, 112 (1982). But *Singleton*'s retroactivity necessarily controls our analysis of the information itself. Unlike most other claims, Defendant may question the trial court's subject-matter jurisdiction . . . at any point in the criminal proceedings. *See State v. Corey*, 373 N.C. 225, 232–33 (2019). If *Singleton* is retroactive, we must first "differentiat[e] between [any] jurisdictional and non-jurisdictional errors" in the information and then apply their respective constitutional and statutory standards of review. *State v. Singleton*, 386 N.C. 183, 207 (2024). If *Singleton* is solely prospective, however, then we must review the entire information for whether it omitted "a[ny] essential element[ ] of the offense," *State v. Rankin*, 371 N.C. 885, 887 (2018), *abrogated by Singleton*, 386 N.C. at 195–96, to a constitutionally prejudicial degree, *see* N.C.G.S. § 15A-1443(b)(2023). Either way, our Constitution and Rules of Appellate Procedure preserve for our review Defendant's assertions regarding the information. *See Singleton*, 386 N.C. at 208 (first citing N.C. Const. art. IV, § 13, cl. 2; then citing N.C. R. App. P. 10(a)(1)). We now address the retroactivity of *Singleton*.

Defendant incorrectly believes that retroactive recognition of *Singleton* would violate the "limitations on *ex post facto* judicial decision[-]making . . . inherent in the notion of due process," *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001), because that decision "significantly changed the law on criminal pleadings without fair warning," (quotation modified). Because this Court "do[es] not 'pronounce a new law'" by

recognizing *Singleton*'s retroactivity but instead "maintain[s] and expound[s] the old one," we disagree. Bryan A. Garner et al., *The Law of Judicial Precedent* 309 (2016) (quoting 1 William Blackstone, *Commentaries* \*69).

A retroactively applied decision does not violate the Federal and State Constitutions because their respective Ex Post Facto Clauses "appl[y only] to legislative and not judicial action." *State v. Rivens*, 299 N.C. 385, 392 (1980); *see* U.S. Const. art. I, § 9, cl. 3; N.C. Const. art. I, § 16. Parties before our courts "ha[ve] no vested right in a decision of" the North Carolina Supreme Court, whose decisions are "generally presumed to operate retroactively . . . [and] given solely prospective application only when there is compelling reason to do so." *Rivens*, 299 N.C. at 390–92 (quotation omitted); *see Mason v. A.E. Nelson Cotton Co.*, 148 N.C. 492, 510–11 (1908) (The general principle is that a decision of a court of supreme jurisdiction, overruling a former decision, is retrospective in its operation, and the effect is not that the former decision is bad law, but that it *never was the law*." (emphasis added)).

In *Singleton*, our Supreme Court held that a "mere pleading deficiency in an indictment does not deprive [our] courts of jurisdiction." *Singleton*, 386 N.C. at 125. Analyzing the defendant's originating indictment for second-degree forcible rape, the *Singleton* Court distinguished a jurisdictional defect that "wholly fails to charge a crime" from a "non-jurisdictional deficienc[y]" that nevertheless expresses the crime charged "in a plain, intelligible, and explicit manner." *Id.* at 184–85 (quoting N.C.G.S. § 15-153). Ultimately, *Singleton* laid out the following analytical roadmap:

> In determining whether an error was prejudicial, the prejudicial[-]error tests provided in section 15A-1443 . . . appl[y]. Subsection 15A-1443(a) is the appropriate test for indictment errors that fail to satisfy statutory strictures, and subsection 15A-1443(b) is the appropriate test for indictment errors that fail to satisfy the constitutional purposes of indictments. *See* N.C.G.S. § 15A-1443 (2023). . . . [*But*] *the longer a defendant waits to raise issues related to deficient criminal pleadings*, the more difficult it would be to establish prejudice.

*Id.* at 211 (emphasis added; footnotes omitted).

This holding acknowledges the General Assembly's intent to preserve criminal pleadings regardless of minor technical defects. Section 15-153 requires only that a criminal pleading lay out "the charge against the defendant in a plain, intelligible, and explicit manner" and expressly permits an "informality or refinement" if the trial court can still "proceed to judgment." N.C.G.S. § 15-153. Section 15-155 similarly forbids an indictment's "stay[ ] or revers[al]" for lacking "the averment of any matter unnecessary to be proved." *Id.* § 15-155.

This Court has implicitly applied *Singleton* retroactively on multiple occasions by upholding trial courts' jurisdiction despite technical deficiencies in the contested criminal pleadings. *See State v. Cornwell*, No. COA23-36-2, slip op. at 10 (N.C. Ct. App. Jun. 18, 2025) (holding "statutor[il]y defect[ive]" indictment non-jurisdictional and non-prejudicial); *State v. Horton*, 294 N.C. App. 614, 619 (2024) (discussing *Singleton*'s "major deviation from the hyper-technical pleading standards previously required at common law"); *State v. Simpson*, 295 N.C. App. 425 (2024) (recognizing "automatic[ ] preserv[ation]" of "[b]oth 'jurisdictional and non-jurisdictional pleading

issues' " (quoting *Singleton*, 386 N.C. at 208)). We explicitly apply *Singleton* now.

Here, Defendant raises no "compelling reason" to bar the retroactive application of *Singleton* to the information. *Rivens*, 299 N.C. at 390. The record indicates that the information gave Defendant sufficient notice of the felony larceny charge to prepare his defense. In *State v. Harris*, 281 N.C. 542 (1972), our Supreme Court prospectively applied the rule from its decision in *State v. Williams*, 279 N.C. 663 (1971), which expressly overruled prior decisions by prohibiting a defendant's impeachment through cross-examination regarding indictments for any crime "other than that for which he is then on trial." *Harris*, 281 N.C. at 549, quoting *Williams*, 279 N.C. at 672. The *Harris* Court reasoned that retroactive application "could easily disrupt the orderly administration of our criminal law" by allowing post-conviction proceedings on prior guilty verdicts applying the pre-*Williams* rule. *Id.* at 551.

Citing *Harris* for "relevant . . . guidance" in *State v. Honeycutt*, 46 N.C. App. 588 (1980), this Court prospectively applied the Supreme Court's decision in *State v. Haywood*, 295 N.C. 709 (1978), which held admissible a third party's extrajudicial confession of committing the defendant's charged crime (a "declaration against penal interest"). *Honeycutt*, 46 N.C. App. at 590–91; *See Haywood*, 295 at 730. The *Honeycutt* Court reasoned that retroactive application would "disrupt . . . more than a century" of North Carolina law, and *Haywood*'s new evidentiary rule did not "rise to the magnitude of a constitutional reform" that "likely would mandate retroactivity." *Honeycutt*, 46 N.C. App. at 591–92.

Our Supreme Court in *State v. Vance*, 328 N.C. 613 (1991), prospectively applied its abrogation of the common-law "year and a day" rule because retroactive application would "severely disadvantage" the defendant by allowing his murder conviction on less evidence than required at the time of the victim's death. *Vance*, 328 N.C. at 622–23. The *Vance* Court found persuasive the U.S. Supreme Court's holding that the Federal Constitutional prohibition against *ex post facto* laws "also forbid[s] retroactive application of an unforeseeable judicial modification of criminal law, *to the disadvantage of the defendant.*" *Id.* at 621 (emphasis added); *see Marks v. United States*, 430 U.S. 188, 191–92 (1977).

Here, there is no significant justification for prospective application of *Singleton*. Retroactive application of *Singleton* causes no "disruption" to longstanding criminal law administration but aligns with this Court's decisions upholding the sufficiency of criminal pleadings despite technical deficiencies. *Harris*, 281 N.C. at 551. Nor would Defendant suffer "severe[ ] disadvantage" as a result. *Vance*, 328 N.C. at 622. The record indicates that the information gave Defendant sufficient notice of the felony larceny charge to prepare his defense, he signed the information, and he did not appeal the resulting sentence until almost a decade later when he filed his MAR. Because the information gave Defendant sufficient notice of the accusation against him to prepare his defense, the trial court properly exercised jurisdiction over his felony larceny conviction. Thus, *Singleton* retroactively applies to past criminal indictments absent "a case of *unusual* hardship." *Mason*, 148 N.C. at 511 (emphasis

added).

## B. Notice

Second, Defendant claims that the trial court lacked the subject-matter jurisdiction to adjudicate his larceny prosecution because the information failed to allege that "Target Stores," the alleged victim, was an entity capable of owning personal property. As noted above, a defendant may statutorily or constitutionally challenge the sufficiency of a criminal pleading for the first time on appeal. *See Horton*, 294 N.C. App. at 616; N.C.G.S. § 15A-644(b)(2025) (same requirements for an information and an indictment). For the criminal pleading to be facially defective, the defendant must show either constitutional or statutory prejudice. *See State v. Stewart*, 386 N.C. 237, 240 (2024) (citing *Singleton*, 386 N.C. at 210). This Court reviews the sufficiency of a criminal pleading *de novo, id.*, by applying different standards of prejudice depending on the categorical error, *see Singleton*, 386 N.C. at 211. A constitutional error prejudices a defendant if "the State [cannot] demonstrate, beyond a reasonable doubt, that the error was harmless." N.C.G.S. § 15A-1443(b). By contrast, a *statutory* error prejudices a defendant only if he can show "a reasonable possibility that, had the error in question not been committed, a different result would have been reached at [his] trial." *Id.* at § 15A-1443(a).

The Federal and State Constitutions preserve a defendant's right to receive notice of the accusation against him "sufficient to prepare a defense and to protect against double jeopardy." *In re J.U.*, 384 N.C. 618, 623 (2023). Thus, a criminal

pleading must "clearly" "identify . . . the crime being charged" to a degree that puts the defendant "on reasonable notice to defend against it and prepare for trial." *Stewart*, 386 N.C. at 241 (quotation omitted). The criminal pleading must contain a "plain and concise factual statement in each count which . . . asserts facts supporting every element of a criminal offense and the defendant's commission thereof." N.C.G.S. § 15A-924(a)(5). The language must "clearly set forth . . . the act or omission . . . so that a person of common understanding may know what is intended." *State v. Coker*, 312 N.C. 432, 435 (1984) (citing 41 Am. Jur. 2d *Indictments and Information* § 68 (1968)). For example, a criminal pleading may sufficiently charge a statutory offense by using "the words of the statute, either literally or substantially, or in equivalent words." *Horton*, 294 N.C. App. at 616–17 (quotation omitted).

But "a mere pleading deficiency" in a criminal pleading "does not deprive the courts of jurisdiction." *Id.* A criminal pleading "is not required to *establish* the essential elements of the crime charged" but only needs to "assert facts *supporting* each element of the offense." *Horton*, 294 N.C. App. at 618 (emphases added).

Here, the information charged Defendant with felony larceny under N.C.G.S. § 14-72. *See* N.C.G.S. § 14-72(a). Common-law larceny is the (1) "taking and carrying away [of] . . . the personal property of another," (2) "without his consent," and (3) "with the intent to deprive him of its possession permanently." *State v. Myrick*, 306 N.C. 110, 116 (1982) (quotation omitted). The charging language alleges that Defendant "unlawfully, willfully[,] and feloniously did steal[,] take[,] and carry away 28 assorted

video games, the personal property of Target Stores, such property having a value of $1,599.72." The charging language of "tak[ing] and carry[ing] away . . . the personal property of Target Stores" matches the language of "taking and carrying away . . . the personal property of another," *Id.* (quotation omitted). The adverbs, "unlawfully", "willfully", and "feloniously" emphasize the criminal nature of the taking. The information also identifies the alleged victim as "Target Stores" and the value of the video games as $1,599.72, thus exceeding the $1,000 value statutorily required for felony larceny. *See* N.C.G.S. § 14-72. Even without an explicit statement that "Target Stores" was an entity capable of owning personal property, "a person of common understanding" could understand that the business model of a store is to own personal property that it offers for sale to the public. *Coker*, 312 N.C. at 432. Thus, this Court holds that the information was facially sufficient under *Singleton*.

## IV.  Conclusion

For the reasons discussed above, this Court holds that the trial court did not err by denying Defendant's MAR.

NO ERROR.

Judge ZACHARY concurs.

Judge HAMPSON concurs in the result only.

Report per Rule 30(e).